Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER ARGUETA,<br><br>    Plaintiff,<br><br>v.<br><br>FINWISE BANK; GRAIN TECHNOLOGY, INC.; TRANSUNION, LLC; and EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case No.: 5:25-cv-1050<br><br>**Complaint for Damages:**<br>1. **Violation of Fair Credit Reporting Act**<br>2. **Violation of California Rosenthal Fair Debt Collection Practices Act**<br>3. **Violation of California Consumer Credit Reporting Agencies Act** |

Plaintiff, Alexander Argueta, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.  INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA") whereby Plaintiff discovered inaccurate and misleading information reporting on their consumer credit reports, disputed that inaccurate and misleading information, and Defendants willfully or negligently refused to correct the inaccurate and misleading information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.  PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Riverside, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and by Cal. Civ. Code § 1785.3(b).

4. Defendants, FinWise Bank ("FinWise") and Grain Technology, Inc. ("Grain") are and at all times relevant hereto were lending institutions regularly doing business in the State of California.

5. At all times pertinent hereto, Defendants FinWise and Grain are a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendants FinWise and Grain were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

7. Defendants FinWise and Grain are a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

8. Defendant, TransUnion, LLC ("TransUnion"), is a credit reporting agency, licensed to do business in California.

9. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

10. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

18. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

19. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Riverside County, California and Defendants do business in California.

20. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.   FACTUAL ALLEGATIONS

21. Plaintiff is a consumer who is the victim of inaccurate and misleading reporting by Defendants FinWise, Grain, TransUnion and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

22. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

23. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

24. TransUnion and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

25. The Plaintiff discovered various information that does not belong to them: a FinWise account 10007239********, a Grain account 47162640********, the names Alexander L Argueta and Alexander Argueta Sr., and two addresses 91800 66th Ave Apt Jl0l Mecca, California 92254 and 42222 Rancho Las Palmas Dr Unit 2383 Rancho Mirage, California 92270 (the "Errors") reporting on their credit reports in error.

26. The Plaintiff has no knowledge of these Errors and believes another consumer's file is being mixed with theirs.

27. The false and misleading information regarding the Errors appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

28. On or about February 10, 2025, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate and misleading information regarding the Errors reporting on Plaintiff's TransUnion consumer report.

29. On or about February 10, 2025, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate and misleading information regarding the Errors reporting on Plaintiff's TransUnion consumer report.

30. Upon information and belief, TransUnion and Equifax forwarded Plaintiff's TransUnion and Equifax Disputes (collectively the "Dispute Letters") to Defendants FinWise and Grain.

31. Upon information and belief, FinWise and Grain received notification of Plaintiff's Dispute Letters from TransUnion and Equifax.

32. Upon information and belief, FinWise and Grain verified the erroneous information associated with the Errors to TransUnion and Equifax.

33. FinWise and Grain failed to conduct an investigation, contact Plaintiff,

contact third-parties, or review underlying erroneous information with respect to the disputed information and the accuracy of the Errors.

34. TransUnion and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying erroneous information with respect to the disputed information and the accuracy of the Errors.

35. Upon information and belief, FinWise and Grain failed to instruct TransUnion and Equifax to remove the false and misleading information regarding the Errors reporting on Plaintiff's consumer reports.

36. TransUnion and Equifax employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Errors identified in Plaintiff's Dispute Letters.

37. At no point after receiving the Dispute Letters did FinWise and Grain, TransUnion or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

38. TransUnion and Equifax relied on their own judgment and the information provided to them by FinWise and Grain rather than grant credence to the information provided by Plaintiff.

39. The Plaintiff was denied credit due to the erroneous information associated with the Errors.

40. The Plaintiff refrained from needed credit applications due to the erroneous information associated with the Errors.

41. The Plaintiff has lost time and money working to resolve the adverse information associated with the Errors to prevent harm, including charges for phone usage and postage.

## COUNT I – TRANSUNION

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

43. After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Errors reporting on Plaintiff's TransUnion consumer report.

44. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

45. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

50. After receiving the TransUnion Dispute, TransUnion failed to correct the

false and misleading information regarding the Errors reporting on Plaintiff's TransUnion consumer report.

51. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

52. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

57. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Errors reporting on Plaintiff's Equifax consumer report.

58. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or

to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

64. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Errors reporting on Plaintiff's Equifax consumer report.

65. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

66. As a result of this conduct, action and inaction of Defendant Equifax,

Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – FINWISE AND GRAIN
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

71. After receiving the Dispute Letters, FinWise and Grain failed to correct the false and misleading information regarding the Errors reporting on Plaintiff's consumer report.

72. Defendants violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants FinWise and Grain's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants FinWise and Grain's representations to consumer credit reporting agencies, among other unlawful conduct.

73. As a result of this conduct, action, and inaction of Defendants FinWise and Grain, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's

normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. Defendants FinWise and Grain's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, Defendants FinWise and Grain was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from Defendants FinWise and Grain pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT VI – FinWise and Grain
### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

77. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

78. FinWise and Grain violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### COUNT VII – FinWise and Grain
### California Consumer Credit Reporting Agencies Act – Cal Civ. Code § 1785.25(A)

79. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

80. After receiving the Dispute Letters, FinWise and Grain failed to correct the false and misleading information regarding the Errors reporting on Plaintiff's consumer report.

81. Defendants violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete,

inaccurate and/or misleading information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

82. As a result of this conduct, action, and inaction of Defendants FinWise and Grain, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83. The conduct, actions and inactions by FinWise and Grain were willful, rendering FinWise and Grain liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative FinWise and Grain was negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

84. Plaintiff is entitled to recover actual damages, costs and attorney's fees from FinWise and Grain in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in

the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against FinWise and Grain for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

A. Adjudging that FinWise and Grain violated Cal. Civ. Code § 1788.17;

B. Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against FinWise and Grain for noncompliance of the California Consumer Credit Reporting Agencies Act and seeks remedies as defined by Cal. Civ. Code 1785.25(A) and demands:

A. Adjudging that FinWise and Grain violated Cal. Civ. Code 1785.25(A);

B. Punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative negligent damages under Cal. Civ. Code § 1731(a)(1);

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code §1731(a)(1);

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code §1731(a)(1);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 30th day of April 2025.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff